UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-3276  PSG (AJWx) | Date | October 22, 2013 |
|---|---|---|---|
| Title | *Cardan v. Seaboard Transport, Inc., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:**     (In Chambers) Order Finding Service Upon Defendant Maralez Improper

On September 17, 2013, the Court issued an order to show cause why Defendant Epitasjo Maralez ("Defendant") should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Dkt. # 61. Plaintiff filed a timely Response. Dkt. # 64.

In his Response, Plaintiff claims that he properly effectuated service on Defendant pursuant to Federal Rule of Civil Procedure 4(e)(B) on October 4, 2013. *Resp.* ¶¶ 5-6. Plaintiff attaches an Affidavit of Service indicating that a process server visited the address listed on Defendant's driver's license and provided Defendant's brother – a person of suitable age and discretion who resides at the residence – with the summons and related papers. *Resp.* ¶¶ 4-5, Ex. F. Although Defendant's brother informed the process server that Defendant currently resides in a halfway house in Arizona, address unknown, Plaintiff maintains that service was properly executed pursuant to Rule 4(e)(B). *Resp.* ¶¶ 6-7, 18-19, Ex. F.

Fed. R. Civ. P. 4(e) ("Serving an Individual Within a Judicial District of the United States") provides in pertinent part:

> [A]n individual . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3276 PSG (AJWx) | Date | October 22, 2013 |
|---|---|---|---|
| Title | *Cardan v. Seaboard Transport, Inc., et al.* | | |

personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Pursuant to Rule 4(e)(1), proper service may also be made by following California law. California law provides for service of a summons upon "persons not otherwise specified" "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." Cal. Civ. Proc. Code § 416.90(b). If, after reasonable diligence, the summons and complaint cannot be personally delivered in accordance with Section 416.90, substituted service is permitted as follows:

> [A] summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(b).

Here, Plaintiff's proof of service indicates neither compliance with federal nor state law. Rule 4(e)(B) requires Plaintiff to leave a copy of the summons and the complaint at Defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Although Plaintiff left a copy of each at the address listed on Defendant's driver's license, it is not clear that this address represents Defendant's "dwelling or usual place of abode" for purposes of Rule 4(e)(B). Indeed, Defendant's brother intimated that Defendant "recently moved to a Half-House somewhere in Arizona." *Resp.*, ¶ 6, Ex. F.

Furthermore, Plaintiff's Response does not demonstrate compliance with Section 415.20(b) of the California Code of Civil Procedure. Although Plaintiff's Response does show that service of process was effectuated at Defendant's "mailing address," *see Resp.*, ¶¶ 4-7; *see also Agricola ABC, S.A. de C.V. v. Chiquita Fresh N. Am., LLC*, No. 10-cv-772-IEG, 2010 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3276 PSG (AJWx) | Date | October 22, 2013 |
|---|---|---|---|
| Title | *Cardan v. Seaboard Transport, Inc., et al.* | | |

Dist. LEXIS 123728, at *14-16 (S.D. Cal. Nov. 19, 2010) (concluding that service of process was proper under Section 415.20(b) because process server attempted to serve defendant at his "usual mailing address" as reflected on his driver's license), it fails to make the other required showings under Section 415.20(b) of the California Code of Civil Procedure.

 First, Plaintiff's Response does not show "reasonable diligence" as required by Section 415.20(b). Cal. Civ. Proc. Code § 415.20(b). The Court acknowledges that Plaintiff called the Police Department to determine Defendant's specific whereabouts. But Plaintiff must do more than this in order to show "reasonable diligence." *Id.* Specifically, Defendant must make at least three attempts to effectuate service of process upon Defendant at his mailing address before the Court will allow substituted service per Section 415.20(b). *See Chiquita Fresh N. Am., LLC*, No. 10-cv-772-IEG, 2010 U.S. Dist. LEXIS 123728, at *15 ("Ordinarily, two or three attempts at personal service at a proper place satisfies the reasonable diligence requirement . . . ."). The facts here show that Plaintiff made only one attempt to serve Defendant at his mailing address before leaving a copy of the summons and complaint with Defendant's brother. *Resp.* ¶ 5-6.

 Second, Plaintiff's Response does not indicate whether Defendant's brother, who accepted substitute service at Defendant's address, is over 18 years age, as Section 415.20(b) requires. *See* Cal. Civ. Proc. Code § 415.20(b). Plaintiff's Response indicates only that Defendant's brother is "over 16 years of age." *Resp.*, ¶ 6, Ex. F.

 Third, Plaintiff's Response does not indicate whether Plaintiff "mail[ed] a copy of the summons and the complaint by first-class mail, postage prepaid . . . at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(b). As such, Plaintiff has not demonstrated compliance with Section 415.20(b) of the California Code of Civil Procedure.

 Accordingly, Plaintiff is hereby ordered to show cause by November 22, 2013, why Defendant should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). The Court will consider proof of service pursuant to Section 415.20(b) of the California Code of Civil Procedure as an appropriate response.

 **IT IS SO ORDERED.**